UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERRY VINA,

    Plaintiff,

vs.                                        Case No. 8:18-cv-2902-T-33TGW

FIRST PREMIER BANK

    Defendant.

_____/

## DEFENDANT, FIRST PREMIER BANK'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY ACTION AND COMPEL ARBITRATION

Defendant, FIRST PREMIER BANK, by and through undersigned counsel and pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.* and M. D. Fla. L. R. 3.01, moves the Court for an Order Staying this Action and Compelling Arbitration, and in support alleges as follows:

    1.    On or about November 28, 2018, Plaintiff, KERRY VINA, filed a Complaint against First Premier Bank alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes §559.55-559.785 and the Telephone Consumer Protection Act, ("TCPA"), 47 U. S. C. §227.

    2.    Plaintiff alleges that First Premier Bank violated the FCCPA and TCPA in the process of collecting a consumer debt arising from her account with First Premier Bank. Specifically, Plaintiff alleges that Defendant improperly made automated collection calls to her cellular telephone without Plaintiff's consent, and further that First Premier Bank willfully communicated with her regarding the debt to the extent it can be reasonably expected to harass her.

    3.    The claims set forth in the Complaint arise out of the First Premier Bank Credit Card

Contract and Account Opening Disclosures between Plaintiff and First Premier Bank (the "Cardholder Agreement), a copy of which is attached hereto as Exhibit "A." The Cardholder Agreement, as well as the Initial Disclosures provided to Plaintiff when she applied for her First Premier Bank credit card, provided that any claim arising out of or related to Plaintiff's credit card account, including claims based in contract, tort or statutory law, shall be resolved exclusively by binding arbitration. The Cardholder Agreement provided Plaintiff with the right to opt out of the arbitration provision by written notice no later than 30 days after her Credit Account was opened. Plaintiff did not exercise his right to opt out of the provision, nor does Plaintiff allege in the Complaint that she opted out of the provision.

    4.    The arbitration provision provides as follows:

### ARBITRATION AND LITIGATION

This Arbitration Provision ("Provision") facilitates the prompt and efficient resolution of any disputes that may arise between you and us. Arbitration is a form of private dispute-resolution in which persons with a dispute waive their rights to file a lawsuit, to proceed in court and to a jury trial, and instead submit their disputes to a neutral third person (an arbitrator) for a binding decision. You have the right to opt out of this Provision, which means you would retain your right to litigate your disputes in a court, either before a judge or jury. To exercise your right to opt out you must provide us with written notice no later than 30 days after your Credit Account is first opened. If we do not receive your written notice within that time frame, your rights to opt out will terminate, and you agree that the provisions of this section will apply.

PLEASE READ THIS PROVISION CAREFULLY. IT PROVIDES THAT ALL DISPUTES ARISING OUT OF OR CONNECTED TO THIS CONTRACT SHALL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY AND/OR TO PARTICIPATE IN OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING, BUT NOT LIMITED TO, CLASS ACTIONS). EXCEPT AS OTHERWISE PROVIDED, ENTERING INTO THIS AGREEMENT CONSTITUTES A WAIVER OF YOUR RIGHT TO LITIGATE CLAIMS AND ALL OPPORTUNITY TO BE HEARD BY A JUDGE OR JURY.

**Parties and Matters Subject to Arbitration**: For purposes of this Provision, "you" and "us"

include the employees, parents, subsidiaries, affiliates, beneficiaries, agents and assigns of you and us. For purposes of this Provision, "Claim" means any claim, dispute or controversy by either you or us, arising out of or relating in any way to this Contract, this Provision (including claims regarding the applicability, enforceability or validity of this Provision), your Credit Account, any transaction on your Credit Account and our relationship. "Claim" also refers to any interaction or communication between you and us that occurred prior to or concurrent with entering into this Contract, including those now in existence, regardless of present knowledge. "Claim" shall refer to claims of every kind and nature, including, but not limited to, initial claims, counterclaims, cross-claims and third party claims. All Claims are subject to arbitration, regardless of legal theory and remedy sought, including, but not limited to, claims based in contract, tort (including negligence, intentional tort, fraud and fraud in the inducement), agency, statutory law (federal and state), administrative regulations or any other source of law (including equity).

**Agreement to Arbitrate**: Any Claim arising out of or relating to this Contract, or the breach of this Contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration, in accordance with this Provision. Binding arbitration shall not be required, however, for collection actions by us relating to your Credit Account. Furthermore, both you and we retain the right to pursue in a small claims court any Claim that is within that court's jurisdiction, provided the Claim proceeds on an individual basis. However, only a court of law, not an arbitrator, shall determine the validity and effect of this Provision's prohibition of class arbitration. For any Claims covered by this Provision, a party who asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim subsequently asserted in that lawsuit by any other party.

**Voluntary Waiver of the Right to a Jury Trial and Class Action Participation**: As a result of this Provision, neither you nor we have the right to litigate any Claim in court or the right to a jury trial on any Claim, except as provided above. YOU AGREE THAT YOU ARE VOLUNTARILY AND KNOWINGLY WAIVING ANY RIGHT YOU MAY HAVE TO GO TO COURT OR TO HAVE A JURY TRIAL. FURTHERMORE, NEITHER YOU NOR WE MAY SERVE AS A REPRESENTATIVE, A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY. SIMILARLY, NEITHER YOU NOR WE MAY PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS IN A LAWSUIT OF ANY CLAIM...

**Arbitration Location and Procedure**: Any arbitration hearing at which you wish to appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed. The party bringing the Claim may file its Claim at the American Arbitration Association ("AAA"), or an arbitration organization mutually agreed upon by the parties. The arbitration organization that is selected will administer the arbitration pursuant to its procedures in effect at the time of filing, subject to this Provision. If you do not agree to file your claim with AAA, and the parties cannot agree on an alternative arbitration organization, an arbitrator will be appointed by a court pursuant to the Federal Arbitration Act. In the event of a conflict or inconsistency between the respective organization's rules and this Provision, this Provision shall govern. The arbitration will be conducted before a single arbitrator, whose authority is limited solely to individual Claims between you and us. The arbitration will not be consolidated with any other arbitration proceeding. Any decision rendered in such arbitration proceeding will be final and binding on the parties and

judgment may be entered in a court of competent jurisdiction. The rules and forms of AAA may be obtained as follows: American Arbitration Association, (1-800-778-7879), 335 Madison Avenue, Floor 10, New York, NY 10017, website at www.adr.org.

5. The Initial Disclosures provided to Plaintiff at the time she applied for the credit card provided: "[I]f you are issued a credit Card, your Credit Card Contract will contain a binding Arbitration Provision. In the event of any dispute relating to your Credit Card Contract, the dispute will be resolved by binding arbitration pursuant to the rules of the American Arbitration Association or an arbitration organization mutually agreed upon by the parties." A copy of the Initial Disclosure is attached hereto as Exhibit "B."

6. Plaintiff became bound to the terms of the Cardholder Agreement, and specifically the arbitration provision, when she applied for the credit card online and later when she received and used the credit card under Florida and federal law. Krutchik vs. Chase Bank USA, N.A., 531 F. Supp. 2d 1359, 1364 (S.D. Fla. 2008); see also Taylor vs. First North American National Bank, 325 So. 2d 1304, 1313 (2004). As provided in the Cardholder Agreement:

" Effective Date: Unless you are a resident of the State of New York, this Contract is effective upon the earlier of (1) the first Purchase made or Cash Advance taken on your Credit Account, and (2) the expiration of 30 days from the date we issue the Card to you if you do not provide us written notice of your desire to cancel within this 30 days.

7. The mandatory arbitration provision in this action is broad and includes Plaintiff's claims. Pursuant to the Federal Arbitration Act and Florida and Federal law, the Court should grant this Motion and compel arbitration of Plaintiff's claims.

8. Pursuant to Local Rule 3.01(g), counsel has conferred with Plaintiff's counsel regarding the issues in this motion, but as of the date of filing this motion, the parties were not in agreement to submit this matter to arbitration.

WHEREFORE, Defendant, FIRST PREMIER BANK, respectfully requests that the Court

enter an Order Compelling Arbitration, as well as any other and further relief which the Court deems just and proper.

## MEMORANDUM OF LAW

### I. STANDARD

The Federal Arbitration Act ("FAA") mandates that all arbitration agreements (with limited exceptions not pertinent here) "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U. S. C. §2. It is well-settled that the FAA reflects a strong federal policy favoring the enforceability of arbitration agreements. See CompuCredit Corp. vs. Greenwood, 132 S. Ct. 665, 669 (2012) (Noting that "section 2 of the FAA establishes a 'liberal federal policy favoring arbitration agreements'"). The purpose behind the FAA is to "ensure judicial enforcement of privately made agreements to arbitrate." Obremski vs. Springleaf Financial Serivces, Inc., 2012 WL 3264521 (2012) (quoting Dean Witter Reynolds, Inc. vs. Byrd, 470 U. S. 213, 219, 105 S. Ct. 1238, 84 L.Ed.2d 158 (1985). Thus the courts must "rigorously enforce" agreements to arbitrate. Id.

In considering a motion to compel arbitration, a district court must consider three factors, including: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." Shea vs. BBVA Compass Bancshares, Inc., 2013 WL 869526 (S.D. Fla. 2013) (quoting Integrated Security Servs. vs. Skidata, Inc., 609 F.Supp. 1323, 1324 (S.D. Fla. 2009). These elements are the same under Florida state law. See Reeves vs. Ace Cash Express, 937 So. 2d 1136, 1137 (Fla. 2d DCA 2006); Maguire vs. King, 917 So. 2d 263, 265-66 (Fla. 5th DCA 2005). Claims that a creditor violated the TCPA and FCCPA in the collection of a debt are subject to valid and enforceable arbitration clauses. See Owings vs. T-Mobile USA, Inc.,

978 F. Supp. 2d 1215 (M.D. Fla. 2013). Although a credit card contract is not signed by both parties to the agreement, a consumer becomes bound to the terms of the agreement when the consumer receives and uses the credit card. Krutchik vs. Chase Bank USA, N.A., 531 F. Supp. 2d 1359, 1364 (S.D. Fla. 2008); see also Taylor vs. First North American National Bank, 325 F. Supp. 2d 1304, 1313 (M.D. Ala. 2004).

## II. ARGUMENT

A.    **THERE IS A VALID AGREEMENT TO ARBITRATE BETWEEN THE PARTIES**

A valid agreement to arbitrate all disputes exists between the parties in this action. Plaintiff was provided with the Initial Disclosures at the time she applied for the credit card. Those disclosures provided that, in the event Plaintiff was issued a card, any dispute relating to her credit card agreement and account would be subject to binding arbitration. When Plaintiff was issued the account and credit card, she was provided with the Cardholder Agreement, which confirmed that all claims of any kind or nature would be subject to binding arbitration with the AAA, or an arbitration organization agreed upon by the parties. Upon her failure to opt out of the arbitration provision in accordance with the terms of the agreement, and use of the credit card without cancelling the account within 30 days according to terms of the Cardholder Agreement, Plaintiff became bound to the terms of the Cardholder Agreement and arbitration provision.

B.    **AN ARBITRABLE ISSUES EXISTS IN THIS MATTER, AS THE ARBITRATION PROVISION CLEARLY APPLIES TO THE CLAIMS ALLEGED BY PLAINTIFF**

The arbitration provision in the Cardholder Agreement is extremely broad and covers all "claims of every kind and nature," and "regardless of legal theory and remedy sought, including, but not limited to, claims based in contract, tort (including negligence, intentional tort, fraud and fraud in the inducement), agency, statutory law (federal and state).... or any other source of law.... Any

claim arising out of or relating to this Contract, or the breach of this contract or your Credit Account, shall be resolved and settled exclusively and finally by binding arbitration, in accordance with this provision." See Exhibit "A." The Complaint's allegations of statutory law violations of the FCCPA and TCPA arise out of the Cardholder Agreement and the Credit Account and the collection efforts on the account.

The presumption of arbitrability, created by the mere existence of an arbitration clause, can be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT & T Techs., Inc. vs. Communications Workers of Am., 475 U.S. 643, 650 (1986) (quoting United Steelworkers vs. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960). Furthermore, in order to exclude a claim from arbitration, there must be an express provision within the original contract between the parties that excludes a particular grievance. See United Steelworkers, 363 U.S. at 584-85.

Here, the arbitration provision committed both parties to arbitrate "claims of every kind and nature" "arising out of or relating to" the Cardholder Agreement or Plaintiff's Credit Account. As such, the provision is clearly applicable to Plaintiff's TCPA and FCCPA claims in this matter. See Shea vs. BBVA Compass Bancshares, Inc., 2013 WL 869526 (S.D. Fla. 2013); see also Owings vs. T-Mobile USA, Inc., 978 F. Supp. 2d 1215 (M.D. Fla. 2013) (finding that consumer's TCPA and FCCPA claims fall within the scope of arbitration clause in credit service agreement because they are "directly tied to the collection of charges set forth in the Service Agreement."); see also Obremski vs. Springleaf Financial Serivces, Inc., 2012 WL 3264521 (2012) (finding that claims

regarding collection efforts by a creditor alleged to violate the FCCPA and TCPA "arise from" or "relate to" the credit agreement for purposes of evaluating and applying an arbitration provision).

In the present action, Plaintiff's claims arise from and relate to the Cardholder Agreement and Plaintiff's Credit Account and the relationships and dealings which result from the Agreement. It should be noted that the FCCPA defines "debtor" or "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Florida Statute §559.55(2). Standing to state a cause of action under the FCCPA is provided to the person liable for the debt on the Agreement which creates the servicing obligation and contains the arbitration provision. Thus, Plaintiff's standing is derived from her status under the Cardholder Agreement. See Reeves vs. Ace Cash Express, 937 So. 2d 1136, 1137 (Fla. 2d DCA 2006) (holding that FCCPA claims are not excluded from arbitration as a matter of law, and they are not distinct from and excluded from a contract's arbitration provision because of public policy). Plaintiff's FCCPA and TCPA claims are clearly arbitrable under federal and Florida law.

C.     **FIRST PREMIER BANK HAS NOT WAIVED ITS RIGHT TO ARBITRATE**

The right to arbitrate has in no way been waived by First Premier Bank, and First Premier Bank has not acted in any manner inconsistent with hits right to arbitrate. Rather, First Premier Bank is invoking its right to arbitration at the first possible instance in response to Plaintiff's Complaint, has not engaged in any discovery on the merits or otherwise acted inconsistently with the right to arbitrate this dispute. It is well-settled that public policy favors arbitration of disputes "because it is efficient and avoids the time delay and expense associated with litigation." Regency Group Inc. vs. McDaniels, 647 So. 2d 192, 193 (Fla. 1st DCA 1994). Thus, when a court must decide whether a particular dispute is subject to arbitration, all doubts about the scope of the agreement should be

resolved in favor of arbitration. Id.; see also The Hillier Group, Inc. vs. Torcon, Inc., 932 So. 2d 449, 453 (Fla. 2d DCA 2006) (recognizing Florida's strong public policy in favor of arbitration).

### D. CONCLUSION

The Court should respectfully compel the arbitration of this matter based on the First Premier Bank Cardholder Agreement and allegations of the Complaint. The parties will submit an Agreed Order or Stipulation to Stay this action pending the outcome of the arbitration.

Respectfully submitted,

/s/ Charles W. Denny, IV
Charles W. Denny, IV
Florida Bar No. 0488615
cdenny@dglawyers.com
Dickinson & Gibbons, P.A.
401 North Cattlemen Road, Suite #300
Sarasota, FL 34232
(941) 366-4680 (phone)
(941) 365-2923 (fax)
Attorneys for Defendant, First Premier

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21st, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record. On this same date, a copy of the foregoing has also been provided by U.S. Mail to counsel for Plaintiff, Jon P. Dubbeld, Esquire, 4900 Central Avenue, St. Petersburg, FL 33707.

/s/ Charles W. Denny, IV
Charles W. Denny, IV
Florida Bar No. 0488615
cdenny@dglawyers.com
Dickinson & Gibbons, P.A.
401 North Cattlemen Road, Suite #300
Sarasota, FL 34232
(941) 366-4680 (phone)
(941) 365-2923 (fax)
Attorneys for Defendant, First Premier