UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERRY VINA,

    Plaintiff,
v.                              Case No. 8:18-cv-2902-T-33TGW

FIRST PREMIER BANK,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant First Premier Bank's Motion to Dismiss or, Alternatively, to Stay Action and Compel Arbitration (Doc. # 7), which was filed on December 21, 2018. As of the date of this Order, Plaintiff Kerry Vina, an individual represented by counsel, has failed to file a response to the Motion, and the time for Vina to respond to the Motion has expired. Local Rule 3.01(b), M.D. Fla., explains, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." As articulated below, the Court grants the Motion as an unopposed Motion and on the merits.

**I.   The Claims are Subject to Binding Arbitration**

First Premier Bank explains that it supplied Vina with Initial Disclosures at the time Vina applied for a credit card. (Doc. # 7-2).  Those Disclosures state: "If you are issued a credit Card, your Credit Card Contract will contain a binding Arbitration Provision." (Id. at 15). Vina was issued a credit card, she used the credit card, and consequently, she became bound by the relevant Cardholder Agreement.  (Doc. # 7 at 3).   The Cardholder Agreement contains a detailed Arbitration Provision.

It is not necessary to duplicate the entire Arbitration Provision here.  Rather, the Court highlights that the Arbitration Provision states: "This Arbitration Provision ('Provision') facilitates the prompt and efficient resolution of any disputes that may arise between you and us. Arbitration is a form of private dispute-resolution in which persons with a dispute waive their rights to file a lawsuit, to proceed in court and to a jury trial, and instead submit their disputes to a neutral third person (an arbitrator) for a binding decision." (Id. at 2).  The Arbitration Provision provided Vina with a 30-day period to opt-out, but she did not opt-out.  The Arbitration Provision further provides: "If we

do not receive your written notice within [30 days,] your rights to opt out will terminate." (Id.).

The Arbitration Provision also states: "All disputes arising out of or connected to this Contract shall be resolved by binding arbitration. Arbitration replaces the right to go to court. In the absence of this Arbitration Agreement, you and we may otherwise have had a right or opportunity to bring claims in a court, before a judge or jury." (Id.). The Arbitration Provision defines "Claim" to mean "any claim, dispute or controversy by either you or us, arising out of or relating in any way to this Contract, this Provision . . . your Credit Account, any transaction on your Credit Account and our relationship." (Id. at 3). In addition, the Arbitration Provision underscores: "All Claims are subject to arbitration, regardless of legal theory and remedy sought, including, but not limited to, claims based in contract, tort (including negligence, intentional tort, fraud and fraud in the inducement), agency, statutory law (federal and state), administrative regulations or any other source of law (including equity)." (Id.).

Even if a credit card contract is not signed by both parties to the agreement, the consumer becomes bound to the terms of the agreement, including an agreement to arbitrate, when the consumer receives and uses the credit card. Krutchik

v. Chase Bank USA, N.A., 531 F. Supp. 2d 1359, 1364 (S.D. Fla. 2008). Here, after agreeing to arbitrate her disputes, Vina filed a Complaint against First Premier Bank on November 28, 2018. (Doc. # 1). Vina's Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 2227, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55. (Id.). In the Complaint, Vina affirms that she purchased consumer goods using the credit card and that she fell behind on her payments. (Id. at ¶¶ 10-12). According to Vina, First Premier Bank "began a campaign of collection calls to [Vina's] cell phone in an attempt to collect the subject debt." (Id. at ¶ 13). Vina indicates that she instructed First Premier Bank to stop making calls to her cellular phone, but that the calls, including calls using an "artificial voice," continued. (Id. at ¶¶ 14-16).

In response to the Complaint, First Premier Bank contends that the claims asserted by Vina are covered by the Arbitration Provision. (Doc. # 7). Given the strong federal policy favoring arbitration, it is "the party resisting arbitration [who] bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000). Although Vina has been given the opportunity to challenge First Premier Bank's position, Vina has not advanced any arguments or

otherwise rebutted First Premier Bank's contention that the relevant claims are subject to binding arbitration. In addition, the Court's reading of the Arbitration Provision leads to the conclusion that Vina's claims against First Premier Bank are, indeed, subject to binding arbitration. For these reasons, the Court grants the Motion.

**II. Stay of the Case**

Lastly, "[t]he FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002). Likewise,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had.

9 U.S.C. § 3 (2013). Thus, the present lawsuit will be stayed, rather than dismissed, pending the arbitration process.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant First Premier Bank's Motion to Dismiss or, Alternatively, to Stay Action and Compel Arbitration (Doc. # 7) is **GRANTED** as articulated above.

(2) Plaintiff Kerry Vina and First Premier Bank shall proceed to arbitration as specified in the Arbitration Provision.

(3) Vina's claims against First Premier Bank are **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the arbitration proceedings.

(4) The parties shall file a joint status report on **April 10, 2019**, to inform the Court of the status of the arbitration proceedings. Thereafter, the parties shall continue to file joint status reports with this Court every 90 days until the arbitration proceedings are completed.

(5) The parties are directed to inform the Court immediately upon the completion of the arbitration proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of January, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE